**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Carl A. LUETH, Defendant—Appellant.**

No. 03–30344.

D.C. No. CR–02–00175–FVS.

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2004.[*]

Decided June 15, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Russell E. Smoot, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Edward Carroll, Esq., Spokane, WA, for Defendant–Appellant.

Before BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Carl Lueth appeals the district court's denial of his motion to suppress evidence of a firearm found during a police search of his motel room. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Viewing the circumstances in their totality, the district court did not clearly err in determining that Lueth voluntarily consented to a search. *United States v. Enslin,* 327 F.3d 788, 792 (9th Cir.2003). Although the deputies did not give Lueth his *Miranda* rights nor tell him that a search warrant could be obtained, the district court did not clearly err in finding that Lueth consented to the deputies' entering the room three times (once *after* a deputy informed Lueth of his ability to refuse to consent to the search, terminate

** This disposition is not appropriate for publication and may not be cited to or by the

the search at any time, or limit the scope of the search), and that he was not in custody when he consented to the search. *See United States v. Chan–Jimenez,* 125 F.3d 1324, 1327 (9th Cir.1997).

Nor did the deputies exceed the scope of the search by searching under the hotel bed's boxspring. The issue is what "the typical reasonable person would have understood by the exchange between the officer and [Lueth][.]" *Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). One of the deputies told Lueth that he suspected him of drug activity; thus, the district court did not clearly err in finding that Lueth should have understood that consent to search included looking under the boxspring, a common hiding place for drugs.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.